IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BUFFIE L. KACKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv284 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| CMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing nos. 21 and 24, the defendants' Motions to Dismiss. The plaintiff, Buffie L. Kackley, a former prisoner at the Douglas County Correctional Center ("DCCC"), alleges civil rights claims pursuant to 42 U.S.C. § 1983, and a claim of professional negligence under Nebraska law, against Correctional Medical Services ("CMS"), the medical provider at DCCC, and a DCCC corrections officer, Karen Horton.  The plaintiff complains that CMS exhibited policies and practices amounting to deliberate indifference to her serious medical needs while she was experiencing a miscarriage as an inmate at DCCC, and that Officer Horton endangered the plaintiff during the miscarriage.

### Exhaustion of Administrative Remedies

The plaintiff filed this action while she was still a prisoner, and thus, the Prison Litigation Reform Act ("PLRA") applies to this litigation. Among other grounds, the defendants move for dismissal of the complaint on the basis of 42 U.S.C. § 1997e(a) of the PLRA which requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not complete the available grievance process, including any appeals which are part of the grievance process, before filing this lawsuit, the plaintiff's claims are subject to dismissal without prejudice.  See Porter v. Nussle, 534 U.S. 516, 524

1

(2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory"); Booth v. Churner, 532 U.S. 731, 733-34 (2001) (exhaustion is mandatory). Completion of the grievance process is necessary even after a plaintiff has suffered harm and even when the grievance is too late to prevent harm. Thomas v. Woolum, 337 F.3d 720, 733-35 (6th Cir. 2003). Thus, exhaustion of administrative remedies is required even when a prisoner believes, perhaps even with reason, that filing grievances will lead to no relief.

The plaintiff has attached copies of her grievance forms to her original complaint. While difficult to read, it appears that in her grievances, she did mention the subject matter of her claims as well as defendant-Officer Horton by name.[1]

### Eighth Amendment

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998). See also Browning v. Clinton, 292 F.3d 235, 241-42 (D.C. Cir. 2002): "[W]e accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged,' .... At the Rule 12(b)(6) stage, we do not assess 'the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is in the complaint.'" (Citations omitted.) Thus, a claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond doubt

---

[1] Even if the court were to dismiss for failure to exhaust administrative remedies, such a dismissal pursuant to 42 U.S.C. § 1997e(a) would be without prejudice. Castano v. Nebraska Dept. of Corrections, 201 F.3d 1023, 1025 (8th Cir.), cert. denied, 531 U.S. 913 (2000). A former prisoner, after release from custody, may file the identical case (as a nonprisoner-plaintiff), but without the exhaustion requirement and the other restrictions imposed by the PLRA, e.g., limitations on damages for emotional distress. The PLRA does not apply to a plaintiff who is a nonprisoner when the complaint is filed, even if the complaint deals with matters which occurred during imprisonment. Also, nonprisoners who receive in forma pauperis ("IFP") status are relieved of any obligation for the court's filing fee, unlike prisoner-plaintiffs proceeding IFP, who must pay the entire fee in installments. Accordingly, the plaintiff shall have twenty (20) days from the date of this order to file a voluntary dismissal of this case, if she so wishes, in order to refile as a nonprisoner.

that the plaintiff can prove no set of facts which would entitle her to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Coleman v. Watt</u>, 40 F.3d 255, 258 (8th Cir. 1994). In light of that strict standard, filing nos. 21 and 24, the defendants' Motions to Dismiss, are denied. The defendants shall answer the complaint within thirty (30) days of the date of this order.

SO ORDERED.

January 17, 2006.              BY THE COURT:

/s *Richard G. Kopf*
United States District Judge