IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BUFFIE L. KACKLEY, ) | |
| ) | 8:05cv284 |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | |
| ) | |
| CMS, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on filing no. 38, the Order to Show Cause issued in response to filing no. 32, the Motion for Summary Judgment filed by defendant-Karen Horton, in her individual and official capacities. As I explained in filing no. 38, because the plaintiff, Buffie L. Kackley, filed this action while a prisoner, the Prison Litigation Reform Act ("PLRA") applies to this case, notwithstanding the plaintiff's subsequent release from custody. 42 U.S.C. § 1997e(a) of the PLRA requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The defendant asserts that the plaintiff failed to complete the exhaustion process before filing this lawsuit. As I noted in filing no. 38, if the plaintiff failed to exhaust her administrative remedies before filing her complaint in this case, all claims against all defendants would be subject to dismissal, although without prejudice to refiling the lawsuit now that the plaintiff is a nonprisoner.[1]

---

[1]The exhaustion requirement does not apply to actions filed by nonprisoners, even as to events which occurred in prison. See, e.g., Norton v. City of Marietta, 432 F.3d 1145, 1150 (10th Cir. 2005) ("[I]t is the plaintiff's status at the time he files suit that determines whether §1997e(a)'s exhaustion provision applies .... Therefore, other circuits have concluded that a plaintiff who seeks to bring suit about prison life after he has been released and is no longer a prisoner does not have to satisfy the PLRA's exhaustion

In filing no. 38, I gave the plaintiff until June 14, 2006, to file a "Response to Order to Show Cause" demonstrating that she had filed the necessary grievances to exhaust her claims before filing the above-entitled case. I also warned the plaintiff that, in the absence of a timely and sufficient demonstration of exhaustion of administrative remedies, this action could be subject, without further notice, to dismissal without prejudice. The plaintiff has not responded to the Order to Show Cause.

THEREFORE, IT IS ORDERED:

1. That filing no. 32, the Motion for Summary Judgment filed by defendant-Karen Horton is granted insofar as the plaintiff's complaint and this action are dismissed without prejudice as to all defendants pursuant to 42 U.S.C. § 1997e(a); and

2. That judgment will be entered accordingly.

June 19, 2006.    BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

---

requirements before bringing suit .... We agree with our sister circuits.").